JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV10-1764-JST (FFMx) | Date:  December 2, 2010 |
| Title:  Margaret Cheng v. Wells Fargo Bank, N.A. et al. | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE AND REMOVING ALL MATTERS FROM THE COURT'S CALENDAR**


      On October 28, 2010, Plaintiff Margaret Cheng filed suit[1] in the Superior Court for the County of Orange against Defendants Wells Fargo Bank, N.A., Cal-Western Reconveyance Corporation ("Cal-Western"), and LSI Title Company ("LSI") alleging in the first cause of action that Defendants failed to comply with California Civil Code section 2923.5 prior to initiating foreclosure proceedings and, in the second cause of action, that Wells Fargo breached the covenant of good faith and fair dealing.  In the prayer for relief, Plaintiff sought (1) compliance with the requirements of section 2923.5 prior to the issuance of a Notice of Default, (2) injunctive relief, (3) damages, and (4) attorneys fees, costs, and interest.  After Judge Francisco Firmat of the Superior Court issued a temporary restraining order enjoining a November 3, 2010 foreclosure sale of the home, Defendants removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  (*See* Not. of Rem.)

      Plaintiff Cheng and Defendants Cal-Western and LSI are all citizens of California, however, and complete diversity between all plaintiffs and defendants does not exist.  28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  In addition, Plaintiff's Complaint does not reflect that the amount in controversy exceeds $75,000.  Accordingly, on November 24, 2010, the Court ordered the Defendants to show cause why this matter should not be remanded.  (TRO Order, Doc. 10, at 5-6.)

---

[1] *Margaret Cheng v. Wells Fargo Bank, N.A. et al.*, Case No. 30-2010-00420543

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV10-1764-JST (FFMx)                                  Date: December 2, 2010
Title: Margaret Cheng v. Wells Fargo Bank, N.A. et al.

In response to the Order to Show Cause, Wells Fargo contends that Cal-Western and LSI are "fraudulently joined" parties and therefore should not be considered for diversity purposes. (Def.'s Resp., Doc. 13, at 2.) Wells Fargo argues that the inclusion of Cal-Western and LSI is mere "surplusage" because "an order enjoining [Wells Fargo] would effectively stop the Trustee from proceeding with any sale." (*Id.*) Wells Fargo misconstrues the standard for fraudulent joinder.

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McGabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Here, Cheng has stated a claim against both Cal-Western and LSI based on their alleged violation of California Civil Code § 2923.5 (Compl. ¶¶ 25-31.) Section 2923.5 provides a private right of action to postpone a foreclosure sale. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (Cal. Ct. App. 2010). Under section 2923.5, "a mortgagee, trustee, beneficiary, or authorized agent" must follow certain procedures in the context of a foreclosure. Cal. Civ. Code § 2923.5. Cheng alleges that Cal-Western is the current Trustee under the Deed of Trust securing Cheng's home loan, and that LSI is an "Agent for Wells Fargo and/or Cal-Western in connection with the subject foreclosure proceeding." (Compl. ¶¶ 3-4.) Cheng also alleges specific actions taken by both LSI and Cal-Western in the context of her foreclosure. Cheng alleges that LSI, acting as an agent for [Cal-Western] . . . on behalf of [Wells Fargo] . . . filed a Notice of Default . . . which included an Election to Sell the Property." (*Id.* ¶ 20.) Cheng further alleges that "Cal-Western, as Trustee . . . filed a Notice of Trustee's Sale . . . setting a foreclosure sale on November 3, 2010." (*Id.* ¶ 22.)

Through these allegations, Cheng has sufficiently stated a claim against Cal-Western and LSI under section 2923.5; the parties therefore are not fraudulently joined. Because joinder is proper, complete diversity of citizenship does not exist pursuant to 28 U.S.C. § 1332, and Defendants' removal was improper.

Alternatively, as the Court noted in the Order to Show Cause Regarding Remand, the primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages. (TRO Order, Doc. 10, at 5-6.) Wells Fargo's response to the Order to Show

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV10-1764-JST (FFMx) | Date:  December 2, 2010 |
| Title:  Margaret Cheng v. Wells Fargo Bank, N.A. et al. | |

Cause is that "[g]iven the amount of the loan at issue, it would seem that plaintiff's damage claim far exceeds the jurisdictional limit of $75,000.00." (Def.'s Resp. at 3.) When the amount of damages plaintiff seeks is unclear from the complaint, the removing defendant bears the burden of proving facts by a preponderance of the evidence to support a finding that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  A "mere averment" that the amount in controversy exceeds $75,000 is insufficient.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  The Court views Wells Fargo's response as a "mere averment."

For these reasons, the Court REMANDS this matter for all further proceedings. Accordingly, all pending matters are removed from calendar.

Initials of Preparer:  <u>enm</u>